## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

MARTIANCRAFT, LLC,       )
                                     )

      Plaintiff,         )
                                     )

v.                                )       **Case No.: 2:22cv432**
                                     )

BENJAMIN BROOKS,       )
                                     )

      Defendant.        )

## REPORT AND RECOMMENDATION

Plaintiff MartianCraft, LLC ("MartianCraft") is a software development company that brings this action for breach of contract, unjust enrichment, statutory and business conspiracy, and conversion against Defendant Benjamin Brooks for damages it contends it incurred as a result of Mr. Brooks's role in attempting to wrest control of MartianCraft away from Kyle Richter, its Chief Executive Officer and member of the Board of Directors. MartianCraft's suit herein followed lengthy litigation in the Richmond Circuit Court wherein that court held that the takeover of the company was improper and violated MartianCraft's Operating Agreement. After MartianCraft filed this action, Mr. Brooks asserted a counterclaim for declaratory judgment and breach of contract. Now before the Court is MartianCraft's Motion to Dismiss Counterclaim and memorandum in support. ECF Nos. 13, 14. Mr. Brooks filed his opposition, ECF No. 17, and MartianCraft replied, ECF No. 22. The Motion was referred to the undersigned United States Magistrate Judge ("undersigned") for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). ECF No. 24. The Court held a hearing on March 8, 2023. ECF No. 27. Accordingly, the Motion is ripe for report and recommended

disposition. For the reasons set forth below, the undersigned **RECOMMENDS** MartianCraft's

Motion to Dismiss Counterclaim, ECF No. 13, be **GRANTED**.

## I. FACTUAL BACKGROUND

MartianCraft filed this Motion under Federal Rule of Civil Procedure 12(b)(6), contending

that Mr. Brooks failed to state a claim upon which relief can be granted.[1]   ECF No. 13.

Consequently, the facts herein are from Mr. Brooks's Counterclaim and inferences are drawn in

his favor.[2] MartianCraft is a software development company. ECF No. 9, ¶ 1. In November 2017,

Robert Rhyne and Nathan Eror represented a majority of the Members of MartianCraft who signed

the company's Operating Agreement. *Id.,* ¶¶ 2–3. On November 8, 2017, Mr. Rhyne and Mr.

Eror executed a written Consent of Members in Lieu of Meeting ("November Consent") to remove

Kyle Richter as the Chief Executive Officer ("CEO") and member of the Board of Directors

("Board") and replace him with Mr. Brooks. *Id.,* ¶ 4. On May 23, 2018, Mr. Rhyne, Mr. Eror, Joe

Keeley, and Nick Keppol executed a Second Consent in Lieu of Meeting wherein they ratified the

November Consent. *Id.,* ¶¶ 5–6. Following litigation in the Richmond Circuit Court, control of

MartianCraft was returned to Mr. Richter. *Id.,* ¶ 14.

MartianCraft's Operating Agreement provides that MartianCraft "agrees to indemnify each

Indemnitee . . . for any attorneys' fees incurred in a proceeding to which the Indemnitee is a party

because it is an Indemnitee."[3]   ECF No. 14, attach. 4 at 6.   Importantly, under the Operating

---

[1] "The Rule 12(b)(6) standard of review permits dismissal when a complaint or counterclaim fails 'to state a claim upon which relief can be granted.'" *Selective Ins. Co. of the Se. v. Williamsburg Christian Acad.,* 458 F. Supp. 3d 409, 412 (E.D. Va. 2020) (citing Fed. R. Civ. P. 12(b)(6)).

[2] When reviewing a motion to dismiss, courts must assume all facts and inferences in favor of the non-moving party.   *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 253 (4th Cir. 2009). Here, as Mr. Brooks is the non-moving party, the facts and inferences are drawn in his favor.

[3] In resolving a motion to dismiss the Court may consider material outside the four corners of the complaint (or, here, the Counterclaim) if such materials are "integral to and explicitly relied on in the complaint." *Phillips v. LCI Int'l, Inc.,* 190 F.3d 609, 618 (4th Cir. 1999). The Operating Agreement is both "integral

Agreement an "Indemnitee" is "any Member or persons to whom the Members have delegated authority . . . as well as any person acting on behalf of a Member pursuant to legal authority." *Id.* By his Counterclaim, Mr. Brooks seeks a declaratory judgment that he is entitled to indemnification from MartianCraft for all attorneys' fees he incurred and may still incur arising out of the litigation in Richmond Circuit Court, and for monetary damages for breach of contract based on MartianCraft's failure to indemnify him under the Operating Agreement.

## II. PROCEDURAL BACKGROUND

In December 2017, MartianCraft filed a complaint in the Circuit Court of the City of Richmond, Virginia ("Richmond court") "to address various acts of misfeasance and malfeasance of [Mr.] Richter." ECF No. 9, ¶ 8.  On March 1, 2018, Mr. Richter filed a motion for joinder and leave to file a counterclaim in the Richmond court case. *Id.*, ¶ 9.  The Richmond court granted Mr. Richter's motion on April 10, 2018, and directed him to serve his counterclaim on the parties, which included Mr. Brooks. *Id.*  Subsequently, the Richmond court sustained MartianCraft's demurrer to Mr. Richter's counterclaim and granted Mr. Richter leave to amend. *Id.*, ¶ 11.  Mr. Richter then filed his amended counterclaim on March 11, 2019. *Id.*  The Amended Counterclaim[4] asserted five counts: Declaratory Judgment (invalidating the Consents that removed Mr. Richter and authorized the suit against him) (Count I); tortious interference with a business interest and/or contract (Count II); statutory conspiracy (Count III); violations of the Virginia Computer Crimes Act (Count IV, but erroneously designated Count V); and Dissociation (Count V). ECF No. 14, attach. 5.  In an order entered on September 9, 2019, Mr. Brooks was dismissed as a party to Mr. Richter's claim for declaratory relief in Count I, but remained a party to Count III. ECF. No. 9,

---

to" and "relied on" in the Counterclaim.

[4] *See* n.3, *supra*.  Like the Operating Agreement, Mr. Richter's Amended Counterclaim in the Richmond court litigation is integral to Mr. Brooks's Counterclaim here.

¶ 13. On November 7, 2019, the Richmond court returned control of MartianCraft to Mr. Richter. *Id.*, ¶ 14. Subsequently, on June 29, 2022, Mr. Richter dismissed all claims in his Amended Counterclaim as to all counter-defendants, except for Count III against Mr. Brooks, which remains pending. *Id.*, ¶ 15, 16.

On October 18, 2022, MartianCraft filed its Complaint in this Court, ECF No. 1, to which Mr. Brooks asserted a Counterclaim, ECF No. 9. In response to the counterclaim, MartianCraft filed a Motion to Dismiss Counterclaim and memorandum in support.[5] ECF Nos. 13, 14. Mr. Brooks filed his opposition, ECF No. 17, and MartianCraft replied, ECF No. 22. The United States District Judge then entered a Referral Order directing the undersigned to conduct hearings and submit proposed findings of fact and recommendations for the disposition of the Motion to Dismiss Counterclaim. ECF No. 24. The undersigned held a hearing on March 8, 2023, and a transcript was filed. ECF Nos. 27, 28.

The questions before the Court are whether Mr. Brooks has stated a sufficient claim to survive a motion to dismiss under Rule 12(b)(6) that: a) he is entitled to indemnification under MartianCraft's Operating Agreement; and b) MartianCraft breached a contract with him.

### III. JURISDICTION

In providing a report and recommendation regarding Mr. Brooks's Motion to Dismiss this action, the undersigned found that jurisdiction in this Court was proper under 28 U.S.C. § 1332. ECF No. 29 at 6. That finding was based on the following: MartianCraft is a limited liability company organized under and existing under the laws of the Commonwealth of Virginia. ECF No. 11, ¶ 1. Mr. Richter is the sole member, manager, officer, and director and a resident of the

---

[5] MartianCraft also filed an Amended Complaint, but filing the Amended Complaint does not affect the viability of the Counterclaim. *Cortez-Melton v. Cap. One Fin. Corp.*, No. 3:19cv127, 2021 WL 771754, at *9 (E.D. Va. Feb. 26, 2021) ("As a general matter, a counterclaim is independent from an answer and, thus . . . revisions to a complaint do not require revisions to a counterclaim.") (citations omitted).

State of Alaska. *Id.* Mr. Brooks is a resident of the State of Texas. *Id.*, ¶ 2. Therefore, diversity of citizenship between the parties exists. In addition, the amount in controversy exceeds $75,000. *Id.*, ¶ 43.

## IV. STANDARD OF REVIEW

A motion under Rule 12(b)(6) argues the plaintiff failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts test the sufficiency of the claims in the complaint. *ACA Fin. Guar. Corp. v. City of Buena Vista, Va.*, 917 F.3d 206, 211 (4th Cir. 2019).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must allege "more than labels and conclusions" and "a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp.*, 550 U.S. at 545. Importantly, a plaintiff must "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Importantly, a motion to dismiss should not be granted unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief. *Conley v. Gibson*, 355 US 41, 45–46 (1957).

The Court can properly consider Brooks's Employment Agreement, MartianCraft's Operating Agreement, and other attachments. *American Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (holding in ruling on a 12(b)(6) motion a court may consider some extrinsic evidence if it is "integral to and explicitly relied on in the complaint" and the other side does not challenge the evidence's authenticity).

5

## V.  CHOICE OF LAW

The Court must decide which law applies to the various questions in front of it.  When a federal court exercises diversity jurisdiction the court must apply the substantive law of the forum state it sits in.  *Erie R.R. v. Tompkins*, 304 U.S. 64, 78–79 (1938).  When a state court judgment's preclusive effect is at issue, courts must apply that state's laws to determine whether res judicata applies.  28 U.S.C. § 1738; *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373 (1996); *Passaro v. Virginia*, 935 F.3d 243, 249 (4th Cir. 2019).

Here, Virginia law applies to the issues before the Court.

## VI.  DISCUSSION

Brooks asserts two causes of action in his Counterclaim: a) declaratory judgment and b) breach of contract.  ECF No. 9 at 5–10.  The Court will address each Count in turn.

**A.**    **Declaratory judgment claim**

Mr. Brooks contends the Court should enter a declaratory judgment in his favor because he is entitled to indemnification under the Operating Agreement for all costs and expenses arising out of the Richmond court litigation.  ECF No. 9 at 5–9.  He claims that at all times he acted through delegated authority and "was not involved in any act or omission in his capacity as a manager of MartianCraft which he knew was clearly in conflict with the interests of MartianCraft and/or was a breach of MartianCraft's Operating Agreement."  *Id.*, at 5, 7–8.

By its Motion, MartianCraft contends that the Operating Agreement only provides indemnity to Members of MartianCraft or to people appointed to MartianCraft's Board of Directors, and that Brooks was neither; consequently, he has never been entitled to indemnification.  ECF No. 14 at 5.  MartianCraft notes first that Mr. Brooks has never alleged he is a Member of the company.  ECF No. 14 at 5.  Further, MartianCraft relies on the Richmond

6

court's decision[6] that "Richter was, at the time of the purported Consents, and remains today the sole remaining CEO, manager, and director of MartianCraft." ECF No. 14, attach. 3 at 3; ECF No. 14 at 5. Furthermore, MartianCraft points to the fact that in 2019 Brooks requested to be dismissed from the injunctive relief claim in the Richmond court case specifically because he had no role in the company at that time. ECF No. 14 at 5. Based on the allegations in the Counterclaim and consideration of certain documents integral to and relied on in the Counterclaim, Mr. Brooks's fails to state claims upon which relief can be granted based on his lack of standing and the doctrine of collateral estoppel.

First, Mr. Brooks lacks standing to challenge the Richmond court's determination that neither Mr. Brooks nor any of the other individuals who attempted to oust Mr. Richter had such authority to act on MartianCraft's behalf. Jurisprudence from the Supreme Court of Virginia provides the principle guidance here. In *Dana v. Freemason*, a corporation's stockholders attempted to challenge a court's decision to pierce the corporate veil and hold the stockholders personally liable for the corporation's jury verdict. *Dana v. 313 Freemason*, 266 Va. 491, 495–99 (2003). The Supreme Court of Virginia held these third-party stockholders, as separate entities from the corporation who were not parties to the underlying litigation, did not have standing to challenge a ruling against the corporation. *Id.* at 498–99. That Court held "it is the corporation, and not the stockholders, which has standing to challenge the judgment against the corporation on appeal." *Id.* at 499.

Based on the above principle, Mr. Brooks fails to state a claim entitling him to indemnification under the Operating Agreement. The Indemnification provision in the Operating

---

[6] *See* n.3, *supra.* The Richmond court's decision is integral to the case, and Mr. Brooks does not contest its authenticity, even if he does contest its correctness. Too, Federal Rule of Evidence 201(b) ordinarily permits a court to take judicial notice of court records where the fact noticed is not subject to reasonable dispute. *See, e.g., Colonial Penn Ins. Co., v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989).

Agreement states:

> 5.7 <u>Indemnification</u>. The LLC hereby agrees to indemnify each Indemnitee (defined below) and to hold it wholly harmless to the greatest extent permissible by the Act, as amended, or any judgments, settlements, penalties, fines, expenses and attorneys' fees incurred in a proceeding to which the Indemnitee is a party because it is an Indemnitee. The term "Indemnitee" for purposes of this Section 5.7 means any Member or persons to whom the Members have delegated authority pursuant to Section 5.2,[7] as well as any person acting on behalf of a Member pursuant to legal authority.

ECF No. 14, attach. 4 at 6. To establish that he is entitled to indemnification under the

Operating Agreement, Mr. Brooks would need to show that he is either a Member of MartianCraft

or a person to whom the Members have lawfully delegated authority to engage in the Richmond

court litigation. Mr. Brooks has not claimed he is or was a Member, so any indemnification would

have to result from him being lawfully authorized by the Members. The Richmond Court

determined that only Mr. Richter had lawful authority to act on behalf of MartianCraft. Thus, to

prove he was lawfully authorized by the other Members, Mr. Brooks would need to challenge the

Richmond court's determination that neither he nor anyone else, other than Mr. Richter, were ever

lawfully in positions of authority at MartianCraft. This he cannot do because, like the shareholders

in *Dana*, he lacks standing to challenge the adverse court finding that only Mr. Richter had such

authority.

Second, even if Mr. Brooks had standing, he is precluded from raising this argument under

the doctrine of collateral estoppel. Collateral estoppel, or issue preclusion, precludes parties to a

previous litigation, or their privies, from re-litigating in a subsequent suit any issues of fact that

were actually litigated and essential to a valid, final judgment in the first action. *Funny Guy, LLC

v. Lecego, LLC*, 293 Va. 135, 142 (Va. 2017). Collateral estoppel requires: 1) the parties, or their

privies, are the same; 2) the issue of fact was actually litigated in the prior proceeding; 3) the issue

---

[7] Section 5.2 provides for the appointment of the Board of Directors. ECF No. 14, attach. 4 at 5.

of fact was essential to the prior judgment; and 4) the prior proceeding resulted in a valid, final judgment against the party to whom collateral estoppel now applies. *Plofchan v. Plofchan*, 299 Va. 534, 543–44 (Va. 2021). There is no specific definition of privity and it is determined on a case by case basis by considering the relationship and interests between the parties. *State Water Control Bd. v. Smithfield Foods, Inc.*, 261 Va. 209, 214 (Va. 2001).

Mr. Brooks was, and still remains for Count III, a party to the Richmond court case. ECF No. 9 at 4. Mr. Brooks was a party to the Richmond court case in December 2017 when the suit was initiated, in April 2018 when Mr. Richter filed his counterclaim and served Mr. Brooks, in April 2019 when "[i]n response to [Mr. Richter's counterclaim], counsel filed responsive pleadings on behalf of [Mr.] Brooks on various dates in April 2019[,]" and in August 2019 when the Richmond court "conduced a bench trial." ECF No. 17 at 2–3. Consequently, he had a full opportunity to contest the issue of control of MartianCraft.

Additionally, even if Mr. Brooks was not a sufficient party to the Richmond court litigation after he was dismissed from that Count, he was in privity with the remaining parties since they had the same interests in having the Richmond court validate their attempted ouster of Mr. Richter. The issue of whether Brooks was a Member or was delegated authority was actually litigated in the Richmond court, and was decided adverse to him and the others. ECF No. 14, attach. 3 at 8 (holding Mr. Richter was "the sole CEO, manager, and director of MartianCraft."). This issue was essential to the Richmond court decision as "control of MartianCraft ultimately was returned to [Mr.] Richter." ECF No. 9 at 4. Therefore, this Richmond court decision serves as a valid, final judgment against Mr. Brooks. Mr. Brooks requested to be dismissed as a party to the claim for declaratory relief and remained a party for one other claim. ECF No. 9 at 4. That other claim does not afford him an opportunity to relitigate the Richmond court's final determination of Count I.

Mr. Brooks is bound by the Richmond court's determination that he was not acting through a Member's valid delegation of authority, because the only person with such authority was Mr. Richter. Therefore, the Operating Agreement and its indemnity clause do not apply to him.

Mr. Brooks is not entitled to indemnification according to the clear language of the Operating Agreement and the preclusive effect of the Richmond court's ruling. Accordingly, his counterclaim for a declaratory judgment that he is entitled to indemnification fails to state a claim upon which relief can be granted because no set of facts would entitle him to relief. Therefore, the undersigned recommends that MartianCraft's Motion to Dismiss Brooks's Counterclaim, ECF No. 13, be granted with respect to Count I, Mr. Brooks's claim for declaratory judgment.

**B.      Breach of contract claim**

Mr. Brooks asserts in Count II that MartianCraft breached its duties and obligations to him by failing to indemnify him pursuant to the Operating Agreement. ECF No. 9, ¶¶ 36–39. The elements of a breach of contract are: 1) a legally enforceable obligation of a defendant to a plaintiff; 2) defendant's violation or breach of the obligation; and 3) injury or damage to the plaintiff caused by the breach. *Navar, Inc. v. Fed. Bus. Council*, 291 Va. 338, 344 (Va. 2016).  As determined, *supra*, Mr. Brooks is not entitled to indemnification under the Operating Agreement because he is not an "Indemnitee." This is so because he was not a Member and could not have acted on behalf of one or more members "pursuant to legal authority" since the Richmond court determined that the only Member with legal authority at the time of the takeover was Mr. Richter.   Since the indemnification provision does not cover Mr. Brooks, he has failed to allege the existence of an enforceable contract or obligation between he and MartianCraft regarding indemnification. Accordingly, his counterclaim for breach of contract fails to state a claim upon which relief can be granted because no set of facts entitle him to this relief.

10

Therefore, the undersigned recommends that MartianCraft's Motion to Dismiss Brooks's Counterclaim, ECF No. 13, be granted with respect to Count II, Mr. Brooks's claim for T breach of contract.

## VII. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** MartianCraft's Motion to Dismiss Brooks's Counterclaim, ECF No. 13, be **GRANTED**.

## VIII. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. The United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to all

counsel of record.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
June 8, 2023