UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**MARTIANCRAFT, LLC,**

        Plaintiff,

v.                                                       CIVIL NO. 2:22cv432

**BENJAMIN BROOKS,**

        Defendant.

## ORDER

This matter comes before the court on Defendant's Objections to the Magistrate Judge's Report & Recommendation ("R&R") regarding his Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 31. For the reasons explained below, Defendant's Objections to the R&R, ECF No. 31, are **OVERRULED** and the Magistrate Judge's R&R, ECF No. 29, is **AFFIRMED**.

## I. BACKGROUND AND PROCEDURAL HISTORY[1]

The Magistrate Judge provided a thorough summary of the relevant factual background and procedural history in this case, see ECF No. 29 at 1-6, which neither party contests. Therefore, the court need not recite all those details herein and instead provides a brief summary.

---

[1] At the motion to dismiss stage, the court "accept[s] as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Therefore, Plaintiff's Amended Complaint forms the basis of this background section, and all facts and inferences are drawn in Plaintiff's favor.

After MartianCraft ("Company") began experiencing financial difficulty in early 2016, all members of the Board of Directors resigned, with the exception of Mr. Kyle Richter, who was left as the sole manager and director of the Company. ECF No. 11 at 4. At the time, Defendant was employed by the Company as Chief Operations Officer. Id. As an employee, Defendant executed an Employment Agreement, which contained a non-competition provision that applied during his term of employment and up to one (1) year thereafter. ECF No. 11-11 at 3 (preventing Defendant from "act[ing] or conduct[ing] himself in any manner which is contrary to the best interests of the Company or which may result in financial damages to the Company" and requiring him to "pay any and all reasonable attorney fees sustained by the Company in connection with any breach of this Agreement"). The Employment Agreement also contained a choice-of-law provision stating that the Agreement was to be "construed and enforced in accordance with and governed by the laws of the state of Colorado." Id. at 4.

After the Company began experiencing newfound financial success the next year, in Fall 2017, Defendant, along with Mr. Carlos Servera, another Company employee, and Mr. Robert Rhyne, a Company member, started to make plans to "oust[] Mr. Richter from the Company and tak[e] it over for themselves," including by engaging legal counsel from Eckert Seamans Cherin & Mellott, LLC ("Eckert"). ECF No. 11 at 5. The first tactic was demanding that

2

Mr. Richter resign "due to an alleged conflict of interest based upon amounts which MartianCraft owed to" a separate software company owned by Mr. Richter. Id. Defendant "press[ed] this issue and participat[ed] in the ouster of Mr. Richter under an apparent belief that the Company would never be in a position to give him profit sharing bonuses so long as [said debt to the other software company] remain[ed] outstanding." Id.

Then, in November 2017, Eckert prepared a document, dubbed the "November Consent," that removed Mr. Richter from his role; appointed Melissa Rhyne (Mr. Rhyne's wife with no prior connection to the Company), Defendant, and Jaimee Newberry to the Board of Directors; appointed Defendant as Chief Executive Officer; and appointed Joseph Keeley as Chief Technology Officer. Id. at 6. Mr. Richter disputed the effectiveness of the November Consent, but the individuals identified in the November Consent still took control of the Company. Id. at 7.

In December 2017, MartianCraft, which was now controlled by Mr. Brooks, Mr. Rhyne, Mrs. Rhyne, Mr. Keeley, and Mr. Servera (together, the "Conspirators"), engaged Eckert to file a complaint in Richmond Circuit Court, hoping to establish that the takeover was proper, and seeking other related relief. Id. at 7-8. Mr. Richter filed a special plea asserting that the attempted takeover was improper because it violated the Company's Operating Agreement, as well as a counterclaim against the Conspirators. Id.

3

at 8. Ultimately, and after much litigation, the circuit court found that the Conspirator's attempted takeover was improper and violated the Company's Operating Agreement. Id. at 8-17.

On October 18, 2022, Plaintiff filed a Complaint against Defendant[2] in this court, asserting claims for indemnity/breach of contract, unjust enrichment, tortious interference with business and attempted tortious interference, and conversion. ECF No. 1. On December 22, 2022, Defendant then filed a Motion to Dismiss, a Memorandum in Support, and a Counterclaim against Plaintiff. ECF Nos. 7, 8, 9. In response, Plaintiff amended its Complaint on January 5, 2023, asserting claims for breach of contract, unjust enrichment, statutory and common law conspiracy, and conversion. ECF No. 11 at 21-27.

On January 12, 2023, Plaintiff filed a Motion to Dismiss Defendant's Counterclaim, ECF Nos. 13, 14, and on January 19, 2023, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint, ECF Nos. 15, 16. Once both parties submitted their responses in opposition to the motions to dismiss, ECF Nos. 17, 18, and corresponding replies, ECF Nos. 19, 22, the undersigned district judge referred the pending motions to Magistrate Judge Lawrence R. Leonard "to conduct hearings, including evidentiary hearings, if

---

[2] Because Plaintiff settled its claims against Mr. Rhyne, Mrs. Rhyne, Mr. Keeley, and Mr. Servera in 2022, Plaintiff only brought this action against Defendant. See ECF No. 11 at 2-3 n.2

4

necessary, and to submit to the undersigned district judge proposed findings of fact, if applicable, and recommendations for the disposition of the Motion to Dismiss Counterclaim and Motion to Dismiss Amended Complaint." ECF No. 24.

On March 8, 2023, the Magistrate Judge held a hearing on the pending motions to dismiss. ECF No. 27; see ECF No. 28 (Transcript). An R&R on Defendant's Motion to Dismiss was filed first on June 2, 2023, whereby the Magistrate Judge recommended that Defendant's Motion to Dismiss Plaintiff's Amended Complaint be denied, ECF No. 29. And on June 8, 2023, a second R&R was entered addressing Plaintiff's Motion to Dismiss the Counterclaim, where the Magistrate Judge recommended that Plaintiff's Motion to Dismiss be granted, ECF No. 30. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties were advised of their right to file written objections within fourteen (14) days, to which the other party could then respond. See ECF Nos. 29 at 19, 30 at 11. Defendant timely filed objections to both R&Rs, ECF Nos. 31, 32, and Plaintiff responded in turn, ECF No. 33, 34. This Order only addresses the R&R regarding Defendant's Motion to Dismiss.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

As the Magistrate Judge correctly set forth in the R&R, "[a] motion under Rule 12(b)(6) argues the plaintiff failed to state a

5

claim upon which relief can be granted . . . . When considering a motion to dismiss, courts test the sufficiency of the claims in the complaint." ECF No. 29 at 7 (citing Fed. R. Civ. P. 12(b)(6) and ACA Fin. Guar. Corp. v. City of Buena Vista, Va., 917 F.3d 206, 211 (4th Cir. 2019)).

At the motion to dismiss stage, "the court accepts facts alleged in the complaint as true and views those facts in the light most favorable to the plaintiff." Sturgill v. Norfolk Southern Ry. Co., 391 F. Supp. 3d 598, 602 (E.D. Va. 2019) (Smith, J.) (internal citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). "[W]hen the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then "[a] claim has facial plausibility." Id. at 663. When the facts only allow the court to infer "the mere possibility of misconduct," however, then the plaintiff has fallen short of its burden. Id. at 679. It also is not enough for a plaintiff to simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell v. Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007) (internal citation omitted).

6

### B. Resolving Objections to an R&R

When resolving objections to dispositive motions, such as a motion to dismiss, a district judge "must determine <u>de novo</u> any part of the magistrate judge's disposition that has been <u>properly</u> objected to." Fed. R. Civ. Proc. 72(b)(3) (emphasis added). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object," as is "a mere restatement of the arguments raised in the [motion to dismiss] filings." <u>Nichols v. Colvin</u>, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) (Doumar, J.) (internal citations and quotation marks omitted). When a party improperly objects, it has the same effect as failing to object, and thus triggers a review under the clear error standard. See <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (juxtaposing objections triggering <u>de novo</u> review with those reviewed under the clear error standard); <u>Lee v. Saul</u>, No. 2:18cv214, 2019 WL 3557876, at *1 (Davis, J.) (quoting <u>Veney v. Astrue</u>, 539 F. Supp. 2d 841, 844-46 (W.D. Va. 2008) ("Allowing a litigant to obtain <u>de novo</u> review of her entire case by merely reformatting an earlier brief as an objection makes the initial reference to the magistrate useless.") (internal alterations and quotation marks omitted)); <u>Pittard v. Berryhill</u>, No. 2:17cv71, 2018 WL 4219193, at *1 (E.D. Va. Sept. 5, 2018) (Morgan, J.) (holding that "objections that simply reiterate arguments raised before the magistrate judge are considered to be

7

general objections to the entirety of the report and recommendation, which are treated as waivers or failures to object") (internal citation and quotation marks omitted).

### III. DISCUSSION

Although Defendant does not frame his Objections as such, Defendant has objected to the entirety[3] of the Magistrate Judge's findings and recommendations contained in the R&R. See ECF No. 31. In reviewing Defendant's pleadings, as well as the transcript from the Motion to Dismiss Hearing, it becomes clear to the court that Defendant attempts to get a "second bite at the apple" through his Objections by raising the same issues and arguments that were considered and addressed by the Magistrate Judge in great length when he ruled on Defendant's Motion to Dismiss. See Veney, 539 F. Supp. 2d at 845-46.

For example, in his Memorandum in Support of his Motion to Dismiss and Reply in Further Support, Defendant argues that Colorado law governs the Employment Agreement, and that the breach of contract claim is subject to a three-year statute of limitations, which expired in November 2020. ECF Nos. 16 at 5-6,

---

[3] The court would note that Defendant does not appear to object to the Factual Background, Procedural Background, Jurisdiction and Venue, and Standard of Review sections of the R&R. See ECF Nos. 29 at 1-7; 31. It also does not appear that Defendant is objecting to the Magistrate Judge's conclusion that the unjust enrichment, conspiracy, and conversion claims are not barred by the applicable statutes of limitation. See ECF No. 31.

8

22 at 1-6. At the Motion to Dismiss Hearing, both parties presented their arguments regarding the applicable statute of limitations at length, ECF No. 28 at 68-79, 88-100. In the R&R, the Magistrate Judge carefully addressed the parties' arguments regarding the choice of law provision and applicable statute of limitations, and ultimately found that Virginia's five-year statute of limitations applies and, consequently, that the breach of contract claim is not time-barred. See ECF No. 29 at 7-9. When presenting his Objections to the R&R, Defendant <u>again</u> argued the <u>same</u> points to support his position that "under Colorado law, [Plaintiff's] breach of contract claim is subject to a three-year statute of limitations." See ECF No. 31 at 2-4.

The same is true for Defendant's Objections to the Magistrate Judge's findings that Plaintiff sufficiently pleaded facts to support its claims for breach of contract, unjust enrichment, statutory and common law conspiracy, and conversion. Defendant argued in his Memorandum in Support of his Motion to Dismiss and Reply in Further Support that Plaintiff failed to allege facts supporting each of these claims and the requisite elements. See ECF No. 16 at 7-8 (breach of contract), 9-10 (unjust enrichment), 10-13 (statutory conspiracy), 13-14 (common law conspiracy), 14 (conversion); ECF No. 22 at 7 (breach of contract), 8-10 (unjust enrichment), 10-13 (statutory conspiracy), 13-14 (common law conspiracy), 14-15 (conversion). Then, at the Motion to Dismiss

9

Hearing, both parties were provided with the opportunity to present their arguments, ECF No. 28 at 71-80, 89-94 (breach of contract), 81-88 (unjust enrichment and conspiracy) 100-105 (conversion and conspiracy), relating to the sufficiency of these claims. After the Hearing, the Magistrate Judge carefully addressed and considered all arguments brought to the court's attention before ultimately concluding in his R&R that Plaintiff pleaded facts sufficient to support each claim, at least at the motion to dismiss stage. See ECF No. 29 at 9-11 (breach of contract), 11-13 (unjust enrichment), 13-17 (statutory and common law conspiracy), and 17-18 (conversion). And again, through his Objections, Defendant reargued <u>identical</u> points that had already been raised in earlier pleadings and at the Hearing, and which had been carefully and completely addressed by the Magistrate Judge. <u>See</u> ECF No. 31 at 4-11. Thus, Defendant's Objections have the same effect as a failure to object.[4]

## IV. CONCLUSION

If the court were to allow parties to relitigate every issue anew through R&R objections, then this would cause a "duplication of time and effort" and would "make[] the initial reference to the magistrate useless." <u>Veney</u>, 539 F. Supp. 2d at 846 (quoting <u>Howard v. Sec'y of Health & Hum. Servs.</u>, 932 F.2d 505, 509 (6th Cir.

---

[4] <u>See</u> <u>supra</u> Part II.B. (including the authority cited therein).

1991)) (internal quotation marks and alteration omitted). This is precisely what Defendant has attempted to do.

Because Defendant failed to raise any proper objections due to his merely restating earlier arguments already raised and thoroughly addressed by the Magistrate Judge, as well as his objecting to the entirety of the R&R, the district judge is only required to review for clear error. See Tyler v. Wates, 84 Fed. Appx. 289, 290 (4th Cir. 2003); Lee, 2019 WL 3557876, at *1 (citing Veney, 539 F. Supp. 2d at 844-46). Having reviewed the record and finding no clear error in the R&R, the court hereby **ADOPTS** the findings and recommendations set forth in the thorough and well-reasoned R&R of the United States Magistrate Judge, filed on June 2, 2023, ECF No. 29. Accordingly, Defendant's Motion to Dismiss, ECF No. 15, is **DENIED**,[5] and each of the claims raised by Plaintiff in its Amended Complaint will proceed.

The Clerk is **DIRECTED** to forward a copy of this Order to counsel for the parties.

**IT IS SO ORDERED.**

/s/ Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

July 27, 2023

---

[5] Even on de novo review with a proper objection, the court **FINDS** the Magistrate Judge's Report and Recommendation well-reasoned and supported by the record and the applicable law.