UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**MARTIANCRAFT, LLC,**

    **Plaintiff/Counter-Defendant,**

v.                                                           CIVIL NO. 2:22cv432

**BENJAMIN BROOKS,**

    **Defendant/Counterclaimant.**

## ORDER

This matter comes before the court on Defendant's Objections to the Magistrate Judge's Report & Recommendation ("R&R") regarding MartianCraft, LLC's ("MartianCraft") Motion to Dismiss Benjamin Brooks' ("Brooks") Counterclaim, ECF No. 32. For the reasons explained below, Brooks' Objections to the R&R, ECF No. 32, are **OVERRULED** and the Magistrate Judge's R&R, ECF No. 30, is **AFFIRMED**.

### I. BACKGROUND AND PROCEDURAL HISTORY

Although the Magistrate Judge provided a thorough summary of the relevant factual background and procedural history in this case, see ECF No. 30 at 1-4, which neither party contests, the court finds it important to repeat the pertinent facts before addressing Brooks' Objections to the R&R.[1]

---

[1] At the motion to dismiss stage, the court "accept[s] as true all of the factual allegations contained in the complaint," or in this case, the counterclaim. See Erickson v. Pardus, 551 U.S. 89,

MartianCraft is a software development company that is governed by an Operating Agreement ("OA"). ECF No. 9 at 1. Critical to Brooks' Counterclaim is the OA's indemnification clause, which states that

> [MartianCraft] . . . agrees to indemnify each Indemnitee (defined below) . . . for any judgments, settlements, penalties, fines, expenses and attorneys' fees incurred in a proceeding to which the Indemnitee is a party because it is an Indemnitee. The term "Indemnitee" for purposes of this Section . . . means any Member or persons to whom the Members have delegated authority pursuant to Section 5.2 [of the OA], as well as any person acting on behalf of a Member pursuant to legal authority.

ECF No. 9 at 5 (quoting ECF No. 14-4 at 6).

On November 8, 2017, Robert Rhyne ("Rhyne") and Nathan Eror ("Eror"), who, at the time, represented a majority of the members who had signed the OA, executed a written Consent of Members in Lieu of Meeting ("November Consent") to remove Kyle Richter ("Richter") from his positions as Chief Executive Office ("CEO") and member of the Board of Directors, and replace him with Brooks.[2]

---

94 (2007); Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005) ("In considering a motion to dismiss, we accept as true all well-pleaded allegations and view the complaint [or counterclaim] in the light most favorable to the plaintiff [or counterclaimant].") (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)). Therefore, Brooks' Counterclaim forms the basis of this background section, and all facts and inferences are drawn in his favor.

[2] The November Consent was ratified in its entirety on May 23, 2018, when Robert Rhyne, Nathan Eror, Joe Keeley, and Nick Keppol executed a second Consent in Lieu of Meeting. ECF No. 9 at 2-3.

Id. at 1-2. Then, "[i]n December 2017, MartianCraft (acting through its managers identified in the [November] Consent) filed a Complaint in the Circuit Court of the City of Richmond, Virginia (the "Richmond State Court")" against Richter, the former CEO, for misfeasance and malfeasance. Id. at 3. After much litigation, the Richmond State Court ultimately returned control of MartianCraft to Richter.[3] Id. at 3-4.

On October 18, 2022, MartianCraft filed a Complaint against Brooks in this court, ECF No. 1, which was amended on January 5, 2023, and asserts claims for breach of contract, unjust enrichment, statutory and common law conspiracy, and conversion. ECF No. 11 at 21-27. In addition to filing motions to dismiss MartianCraft's original Complaint, ECF Nos. 7, 8, and the Amended Complaint, ECF No. 15, 16, Brooks also filed a Counterclaim against MartianCraft, in which he seeks a declaratory judgment that he is entitled to indemnification "for all judgments, settlements, penalties, fines, expenses and attorneys' fees that have been incurred and/or may be incurred as a result of the litigation pending in the Richmond State Court and/or otherwise stemming from

---

[3] The Magistrate Judge provides a more thorough summary of the procedural history in the Richmond State Court case, which is incorporated herein by reference. See ECF No. 30 at 3-4. In that case, Richter brought a counterclaim against the parties. Id. Brooks was dismissed as a party to Count I (Declaratory Judgment); Count III (Statutory Conspiracy), as it pertains to Brooks, is still pending before the Richmond State Court. Id.

3

this litigation," and monetary damages for breach of contract due to MartianCraft's failure to indemnify him for such under the OA. ECF No. 9 at 5-9.

On January 12, 2023, MartianCraft filed a Motion to Dismiss Brooks' Counterclaim. ECF Nos. 13, 14. Once both parties submitted their responses in opposition to the other party's motion to dismiss, ECF Nos. 17, 18, and corresponding replies, ECF Nos. 19, 22, the undersigned district judge referred the pending motions to Magistrate Judge Lawrence R. Leonard "to conduct hearings, including evidentiary hearings, if necessary, and to submit to the undersigned district judge proposed findings of fact, if applicable, and recommendations for the disposition of the Motion to Dismiss Counterclaim and Motion to Dismiss Amended Complaint." ECF No. 24.

On March 8, 2023, the Magistrate Judge held a hearing on the pending motions to dismiss. ECF No. 27; see ECF No. 28 (Transcript). An R&R on Brooks' Motion to Dismiss was filed first on June 2, 2023, whereby the Magistrate Judge recommended that his Motion to Dismiss MartianCraft's Amended Complaint be denied, ECF No. 29. And on June 8, 2023, a second R&R was entered addressing MartianCraft's Motion to Dismiss the Counterclaim, where the Magistrate Judge recommended that MartianCraft's Motion to Dismiss be granted, ECF No. 30. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties were advised of

4

their right to file written objections within fourteen (14) days, to which the other party could then respond. See ECF Nos. 29 at 19, 30 at 11. Brooks filed objections to both R&Rs, ECF Nos. 31, 32, and MartianCraft responded in turn, ECF No. 33, 34. This Order only addresses the R&R regarding MartianCraft's Motion to Dismiss Brooks' Counterclaim.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

As the Magistrate Judge correctly set forth in the R&R, "[a] motion under Rule 12(b)(6) argues the plaintiff failed to state a claim upon which relief can be granted . . . . When considering a motion to dismiss, courts test the sufficiency of the claims in the complaint," or, in this case, the counterclaim. ECF No. 30 at 5 (citing Fed. R. Civ. P. 12(b)(6) and ACA Fin. Guar. Corp. v. City of Buena Vista, Va., 917 F.3d 206, 211 (4th Cir. 2019)).

At the motion to dismiss stage, "the court accepts facts alleged in the complaint [or counterclaim] as true and views those facts in the light most favorable to the plaintiff [or counterclaimant]." Sturgill v. Norfolk Southern Ry. Co., 391 F. Supp. 3d 598, 602 (E.D. Va. 2019) (Smith, J.) (internal citation omitted). "To survive a motion to dismiss, a complaint [or counterclaim] must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citation and

5

quotation marks omitted). "[W]hen the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then "[a] claim has facial plausibility." Id. at 663. When the facts only allow the court to infer "the mere possibility of misconduct," however, then the plaintiff or counterclaimant has fallen short of his or her burden. Id. at 679. It also is not enough for a plaintiff or counterclaimant to simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell v. Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007) (internal citation omitted).

### B. Resolving Objections to an R&R

When resolving objections to dispositive motions, such as a motion to dismiss, a district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. Proc. 72(b)(3) (emphasis added). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object," as is "a mere restatement of the arguments raised in the [motion to dismiss] filings." Nichols v. Colvin, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) (Doumar, J.) (internal citations and quotation marks omitted). When a party improperly objects, it has the same effect as failing to object, and thus triggers a review under the clear error standard. See Diamond v. Colonial Life & Accident Ins. Co., 416

6

F.3d 310, 315 (4th Cir. 2005) (juxtaposing objections triggering de novo review with those reviewed under the clear error standard); Lee v. Saul, No. 2:18cv214, 2019 WL 3557876, at *1 (Davis, J.) (quoting Veney v. Astrue, 539 F. Supp. 2d 841, 844-46 (W.D. Va. 2008) ("Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection makes the initial reference to the magistrate useless.") (internal alterations and quotation marks omitted)); Pittard v. Berryhill, No. 2:17cv71, 2018 WL 4219193, at *1 (E.D. Va. Sept. 5, 2018) (Morgan, J.) (holding that "objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation, which are treated as waivers or failures to object") (internal citation and quotation marks omitted).

### III. DISCUSSION

Brooks makes his intention clear at the very beginning of his pleading; he is "object[ing] to this [c]ourt's [R&R] in its entirety." ECF No. 32 at 2. In reviewing Brooks' filings with the court, including his Counterclaim, ECF No. 9, Memorandum of Law in Opposition to MartianCraft's Motion to Dismiss, ECF No. 17, and his Objections, ECF No. 32, as well as the transcript from the Motion to Dismiss Hearing, ECF No. 28, it becomes obvious to the court that Brooks attempts to, once again, get a "second bite at the apple" through his Objections by raising the same issues and

7

arguments that were considered and addressed by the Magistrate Judge in great length when he ruled on MartianCraft's Motion to Dismiss.[4] See Veney, 539 F. Supp. 2d at 845-46.

Brooks first objects to the Magistrate Judge's recommendation that Brooks is precluded from raising an indemnification claim under the doctrine of collateral estoppel because, according to Brooks, not a single element is satisfied. ECF No. 32 at 2-8. More specifically, Brooks argues: (i) he has standing to challenge the Richmond State Court's reading of the OA regarding the indemnification clause; (ii) he is not in privity with the other parties in the Richmond State Court litigation; (iii) the factual issues related to his Counterclaim were not litigated in Richmond State Court; and (iv) there was no final judgment from the Richmond State Court litigation as to Brooks. Id.

These are identical to the arguments that Brooks raised in his Counterclaim, when opposing MartianCraft's Motion to Dismiss, and at the Motion to Dismiss Hearing. To illustrate this point, the court turns to Brooks' Objection regarding the Magistrate Judge's finding on privity. See id. at 3-5. To support his argument that he is not in privity with the other parties in the Richmond

---

[4] The court notes that this was the same tactic used by Brooks when he objected to the Magistrate Judge's R&R regarding Brooks' Motion to Dismiss MartianCraft's Amended Complaint. See ECF No. 31. Therefore, the court takes the same position in this Order. See ECF No. 35.

8

State Court litigation, Brooks points to the fact that "[he] and those individuals did not have a contractual relationship or owe one another any kind of legal duty," they did not share legal interests, and "Brooks was dismissed as a party to the claim for declaratory relief" (emphasis omitted) after the Richmond State Court granted his motion to strike. Id. at 4-5. This issue was again discussed in depth at the Motion to Dismiss Hearing, where Brooks had an opportunity to present his arguments there. See ECF No. 28 at 47-57. And then, in his Objection, Brooks repeats his arguments verbatim, copying and pasting large portions of text from his Memorandum of Law in Opposition to MartianCraft's Motion to Dismiss. Compare ECF No. 17 at 5-6, with ECF No. 32 at 3-5.

The same is true for Brooks' Objections to the Magistrate Judge's findings that the factual issues relating to his Counterclaim were previously litigated in Richmond State Court, compare ECF No. 17 at 8-10, with ECF No. 32 at 5-7; see ECF No. 28 at 38-47, and that there was a final judgment from the Richmond State Court litigation applicable to Brooks, compare ECF No. 17 at 7-8, with ECF No. 32 at 7-8; see ECF No. 28 at 38-40, 43-44. Moreover, although not explicitly addressed in earlier pleadings, Brooks also previously raised the same arguments to support the position that he has standing to challenge the Richmond State Court's reading of the OA before the Magistrate Judge at the Motion to Dismiss Hearing, compare ECF No. 28 at 43-47, with ECF No. 32

9

at 3, an argument which the Magistrate Judge also rejected, see ECF No. 30 at 7-8. Thus, Brooks' Objection to the Magistrate Judge's recommendation that Brooks is precluded from raising an indemnification claim under the doctrine of collateral estoppel, where he asserts all the same arguments anew, has the same effect as a failure to object to the R&R in this regard.[5] See Nichols, 100 F. Supp. 3d at 497.

Regarding Brooks' Objection to the Magistrate Judge's recommendation that he cannot state a valid claim for breach of contract, see ECF No. 32 at 9, this also has the same effect as a failure to object. In raising this Objection, Brooks states "[f]or all the reasons described above, Brooks is entitled to indemnity pursuant to the express terms of the OA. MartianCraft has failed to abide by the terms of the OA, and, as such, Brooks state a valid claim for breach of contract." Id.

First, this argument has been raised, considered, and addressed several times, as it directly coincides with the indemnification issue discussed above. This is yet another attempt by Brooks to get a "second bite at the apple" by raising the same issues and arguments on this point. See Veney, 539 F. Supp. 2d at 845-46. Moreover, this Objection equates to a "general objection" that lacks any sort of specificity. See Nichols, 100 F. Supp. 3d

---

[5] See supra Part II.B. (including the authority cited therein).

10

at 497. Accordingly, this second Objection also does not qualify as a proper objection pursuant to Federal Rule of Civil Procedure 72(b)(3).

## IV. CONCLUSION

As the court previously recognized in its Order of July 27, 2023, regarding Brooks' Objections to the R&R addressing his Motion to Dismiss MartianCraft's Amended Complaint, if the court were to allow parties to relitigate every issue anew through R&R objections, then this would cause a "duplication of time and effort" and would "make[] the initial reference to the magistrate useless." Veney, 539 F. Supp. 2d at 846 (quoting Howard v. Sec'y of Health & Hum. Servs., 932 F.2d 505, 509 (6th Cir. 1991)) (internal quotation marks and alteration omitted); see ECF No. 35 at 10-11. Once again, this is precisely what Brooks has attempted to do.

Because Brooks failed to raise any proper objections due to his merely restating earlier arguments already raised and thoroughly addressed by the Magistrate Judge, as well as his objecting to the entirety of the R&R, the district judge is only required to review for clear error. See Tyler v. Wates, 84 Fed. Appx. 289, 290 (4th Cir. 2003); Lee, 2019 WL 3557876, at *1 (citing Veney, 539 F. Supp. 2d at 844-46). Having reviewed the record and finding no clear error in the R&R, the court hereby **ADOPTS** the findings and recommendations set forth in the thorough and

11

well-reasoned R&R of the United States Magistrate Judge, filed on June 8, 2023, ECF No. 30. Accordingly, MartianCraft's Motion to Dismiss Brooks' Counterclaim, ECF No. 13, is **GRANTED**.[6]

The Clerk is **DIRECTED** to forward a copy of this Order to counsel for the parties.

**IT IS SO ORDERED.**

/s/ Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

July 28, 2023

---

[6] Even on de novo review with a proper objection, the court **FINDS** the Magistrate Judge's Report and Recommendation well-reasoned and supported by the record and the applicable law.

12